

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1949

Senator A. M. Aikin, Jr., Chairman
Senate State Affairs Committee
Fifty-first Legislature
Austin, Texas

Opinion No. V-806

Re: The constitutionality
of S. B. 147 providing
that cooperatives and
fraternal associations
or corporations shall
pay the same license
fees and taxes as oth-
er associations or cor-
porations engaged in
the same or similar
business.

Dear Sir:

You have requested the opinion of the At-
torney General relative to the constitutionality of
Senate Bill No. 147, with particular reference as to
whether or not it violates Section 33 of Article III
of the Texas Constitution, which provides:

"All bills for raising revenue shall
originate in the House of Representatives
but the Senate may amend or reject them as
other bills."

Senate Bill No. 147 reads in part as fol-
lows:

"Section 1. Every co-operative or
fraternal association or corporation auth-
orized to do any business of any kind or
nature whatsoever, chartered by or having
a permit or certificate of authority to do
business, or doing business, in the State

of Texas, shall be subject to the payment of the same license fees and taxes as any other association or corporation, either domestic or foreign, engaged in doing the same or similar business in and under the laws of this State. The license fees and taxes herein referred to shall include all fees and taxes of any kind or description whatsoever, which are now or may hereafter be, imposed, levied, or provided for by and under the Constitution and laws of this State in behalf of the State or any political subdivision thereof.

" . . .

"Section 4. The fact that there are many co-operative and fraternal associations or corporations now engaged in various kinds of business in Texas and which pay no State or local taxes, and which are in direct competition with private individuals and corporations, engaged in the same or similar business in this State, and paying taxes for such privilege, and as a result such tax-exempt associations or corporations are not bearing their share of the cost of government, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each House be suspended, and said rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

This bill if enacted into law will unquestionably raise revenue. However, since the early case of Day Land & Cattle Company v. State, 68 Tex. 526, 45 S.W. 865, it has been settled that the provisions of Section 33, Article III of our Constitution, should be confined to bills to levy taxes in the strict sense of the words and not to bills for other purposes which may incidentally create revenue.

The purpose of Senate Bill No. 147 is set forth in Section 4 thereof, wherein it states, "there are many co-operative and fraternal associations or corporations now engaged in various kinds of business in Texas and which pay no State or local taxes and which are in direct competition with private individuals and corporations engaged in the same or similar business in this State, and paying taxes for such privilege, and as a result such <u>tax-exempt associations or corporations are not bearing their share of the cost of government</u>." It is therefore seen that the purpose of the bill is to cause cooperatives and fraternal associations or corporations to be subject to the payment of the same license fees and taxes as any other association or corporation doing the same or similar business and thus bear their share of the cost of government. The bill levies taxes in the strict sense of the words and having originated in the Senate is in violation of Section 33, Article III, Constitution of Texas.

In Opinion No. V-800, dated March 31, 1949, the Attorney General held that Senate Bill No. 376, relative to retaliatory reserve and tax requirements on foreign insurance companies, was not a bill for raising revenue within the meaning of Article III, Section 33 of the Texas Constitution, and can therefore originate in the Senate. The primary purpose of Senate Bill No. 376 is to retaliate against the laws of other States, if any, which put a greater regulatory and tax burden on insurance companies domiciled in this State and doing business in such other States, than we have heretofore put on insurance companies domiciled in such other States, and doing business in this State. In carrying out its primary purpose of retaliation, the bill may incidentally create revenue. It is therefore clearly distinguishable from Senate Bill No. 147, which has for its primary purpose the levy of taxes in order that co-operative or fraternal associations or corporations will bear their share of the cost of government.

## SUMMARY

Senate Bill No. 147 providing that cooperatives and fraternal associations or corporations shall pay the same license fees and taxes as other associations or corporations engaged in the same or similar business is unconstitutional as it is a bill for raising revenue originating in the Senate.  Section 33, Article III, Constitution of Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    Durward M. Goolsby
              Assistant

APPROVED

R. Greenhill
FIRST ASSISTANT
ATTORNEY GENERAL

DMG/lg